FILED

2020 Mar-04  AM 09:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN STRIPLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  7:19-cv-00239-ACA-HNJ |
| | ) | |
| WARDEN TOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. 17).  The plaintiff names the following defendants in the amended complaint: Warden Tompson, Captain Hudden, and Correctional Officer Cutts, Jr.  (*Id.* at 2).  The plaintiff seeks monetary damages.  (*Id.* at 5).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the court referred the amended complaint to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

For the reasons stated herein, the undersigned **RECOMMENDS** the court **DISMISS WITHOUT PREJUDICE** all claims in this action pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted, except the

claims against defendant Cutts for excessive force and deliberate indifference to the plaintiff's serious medical needs.

## I. Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id.* at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (alteration incorporated). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

Between 11:00 and 11:30 p.m. on December 11, 2017, inmate Antonio Lawyer entered the plaintiff's "sleeping area" in Bibb Correctional Facility's ("BCF") D-4 Unit and stabbed him multiple times. (Doc. 17 at 2, 4). Prison officials transported the plaintiff to Tuscaloosa Hospital where he remained for five days and received five shoulder staples, 36 abdominal staples, surgical repair of his punctured intestine, and treatment for his fractured finger  (*Id.* at 2, 4).

3

No security officers were present in D-4 Unit at the time of the attack. (*Id.* at 2). The plaintiff blames Captain Hudden for the dorm's inadequate security and supervision and Warden Tompson because he is responsible for ensuring "adequate supervision and staffing" and he allowed Hudden "to be head of security." (*Id.*).

Between February 1 and March 8, 2018, the plaintiff continued his recovery in BCF's infirmary housing unit. (*Id.* at 3). During this time period, Correctional Officer Cutts, Jr., grabbed the plaintiff, threw him over a bed and onto the floor, and then sat on the plaintiff with his forearm jammed into the plaintiff's neck. (*Id.*). The plaintiff pleaded with Cutts to get off until he could no longer speak. (*Id.*). Inmates Bimbo, Williams, Waltrip and Leonard, as well as Counselor Tormena, witnessed the incident. (*Id.*). The plaintiff suffered stomach hemorrhaging, neck abrasions, and mental anguish as a result of Cutts' actions. (*Id.*).

### III. Analysis

**A.    Sovereign Immunity**

To the extent the plaintiff requests monetary damages for the constitutional claims considered against the defendants in their official capacities, his claims warrant dismissal. A law "suit against the State [of Alabama] and its [agencies for monetary damages is] barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit." *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (citing *Edelman v. Jordan,* 415 U.S. 651 (1974). No such consent can "be given under Art. I, Sec. 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made

4

a defendant in any court of law or equity.'"  *Id.*; *see also*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984).

Because the ADOC is an agency of the State of Alabama, and the defendants are ADOC employees, the Eleventh Amendment bars the plaintiff's suit against them in their official capacities.  The remainder of this report shall address the plaintiff's claims against the defendants in their individual capacities.

**B.      Failure to Protect**

Although prison officials have a duty to protect inmates from violence by other prisoners, they are not "'the guarantor of a prisoner's safety.'"  *Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1321 (11th Cir. 2005) (quoting *Popham v. City of Talladega,* 908 F.2d 1561, 1564 (11th Cir. 1990)).  Rather, "[w]ithin [a prison's] volatile 'community,' prison administrators are . . . under an obligation to take *reasonable measures* to guarantee the safety of the inmates."  *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984) (first alteration and emphasis supplied).  Therefore, not "'every injury suffered by one prisoner at the hands of another . . . translates into [a] constitutional liability . . . .'"  *Purcell*, 400 F.3d at 1319 (quoting *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (citations omitted)).

To state a failure to protect claim, the plaintiff must allege specific facts demonstrating a "'(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'"  *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013) (quoting *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir. 2003)

(per curiam) (internal quotation marks omitted)). The first element requires the plaintiff to "demonstrate 'an objectively substantial risk of serious harm to prisoners.'" *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting *Marsh v. Butler Cnty., Ala.,* 268 F.3d 1014, 1028–29 (11th Cir. 2001) (en banc), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Eighth Amendment is violated only where there is a strong likelihood, rather than a mere possibility, of a risk of injury. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "'[O]ccasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment.'" *Purcell*, 400 F.3d at 1320 (quoting *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973) (citation omitted)).

The second element – the defendant's deliberate indifference to that risk – has two components, one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant "actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (citing *Rodriguez v. Sec'y for Dep't of Corr.,* 508 F.3d 611, 617 (11th Cir. 2007) (alterations in original)). "In determining subjective knowledge, a court [should] inquire whether the defendant was aware of a 'particularized threat or fear felt by [the plaintiff].'" *McBride v. Rivers*, 170 F. App'x 648, 654 (11th Cir. 2006) (quoting *Carter,* 352 F.3d at 1350). "The defendant 'must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the [defendant] must also draw that

6

inference.'" *Id.* (quoting *Carter*, 352 F.3d at 1349) (quotation and marks omitted).  To satisfy the objective component, a plaintiff must produce evidence that the defendant "disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner." *Id.*

"Deliberate indifference describes a state of mind more blameworthy than negligence," and an ordinary lack of due care for a prisoner's interest or safety will not support an Eighth Amendment claim.  *Farmer*, 511 U.S. at 835; *see also Davidson v. Cannon*, 474 U.S. 344, 347-348 (1986).   "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983." *Brown*, 894 F.2d at 1537; *see also Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016) (citing *e.g.*, *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *Carter*, 352 F.3d at 1350.  Thus, the plaintiff must allege specific facts tending to demonstrate a prison official "actually (subjectively) knows that an inmate is facing a substantial risk of harm, yet disregards that known risk by failing to respond to it in an (objectively) reasonable manner." *Rodriguez*, 508 F.3d at 617.  To state a cause of action under § 1983, the allegations must rise to the level of "a conscious or callous indifference to a prisoner's rights." *Williams v. Bennett*, 689 F.2d 1379, 1380 (11th Cr. 1982) (citations omitted).

The plaintiff places responsibility for "adequate supervision and staffing" at the feet of Warden Tompson and Captain Hudden and declares Tompson allowed Hudden to be "head of security."  (Doc. 17 at 12).  Therefore, the plaintiff clearly bases his claims against Hudden and Tompson on their status as supervisors.

7

"[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

> A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006) (citing Cottone, 326 F.3d at 1360). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Braddy v. Florida Dep't of Labor & Employment Sec.,* 133 F.3d 797, 802 (11th Cir. 1998).

The plaintiff does not allege Tompson or Hudden had personal knowledge of or involvement (staffing or otherwise) in the December 11, 2017, incident. The plaintiff also does not allege that the Defendants failed to assign correctional officers assigned to provide security in dorm that evening. Instead, he relies on his conclusory assertion of inadequate staffing and supervision. However, "there is nothing inherently wrong with having only a few staff members supervise inmates." *Laube v. Haley*, 234 F. Supp. 2d 1227, 1245 (M.D. Ala. 2002). Thus, the plaintiff has not pleaded facts plausibly suggesting a substantial risk to his safety or any acts connecting the defendants to the

8

incident.  Accordingly, the failure to protect claims against defendants Tompson and Hudden merit dismissal.

## C.   Excessive Force

An excessive force claim implicates the Eight Amendment's Cruel and Unusual Punishments Clause when a prisoner is subjected to an "'unnecessary and wanton infliction of pain,'" which in the context of an excessive force claim turns on "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Hudson v. McMillian*, 503 U.S. 1, 5-7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319-21 (1986)).  Factors that may indicate the purposes for which force was applied include: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible official; (4) any efforts to temper the severity of a forceful response; and (5) the extent of the injury suffered by the inmate. *Id.* at 7 (citing *Whitley*, 475 U.S. at 321). "The use of force must stop when the need for it to maintain or restore discipline no longer exists."  *Skrtich v. Thornton*, 280 F.3d 1295, 1304 (11th Cir. 2002). However, not every malevolent touch gives rise to an Eighth Amendment excessive force claim.  *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (internal quotation marks omitted).

9

Taking the plaintiff's allegations as true for purposes of this report and recommendation, Officer Cutts engaged in an unprovoked and unwarranted attack on the plaintiff during his recovery from serious injuries between February 1 and March 8, 2018. Defendant Cutts' attack caused the plaintiff to suffer stomach hemorrhaging, neck abrasions, and mental anguish, and therefore Cutts should respond to the plaintiff's excessive force claim.

The plaintiff also claims Tompson and Hudden subjected him to excessive force, but sets forth no allegations connecting them to the incident either personally or in their supervisory capacities. Accordingly, the plaintiff's excessive force claim against defendants Tompson and Hudden warrant dismissal for failure to state a claim upon which relief can be granted.

### 2.    Deliberate Indifference to Serious Medical Needs

To demonstrate an Eighth Amendment violation for deliberate indifference to a serious medical need, "a prisoner must shoulder three burdens." *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). First, the prisoner must show that he had "an objectively serious medical need." *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010). Second, he "must satisfy the subjective component by showing that the prison official acted with deliberate indifference to h[is] serious medical need." *Id.* (citing *Bozemun v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005 (per curiam), *abrogated on other grounds by Kingsley v. Hendrickson,* --- U.S. ---, 135 S. Ct. 2466 (2015)). A court may infer a defendant's "subjective knowledge of the risk of serious harm" from

10

circumstantial evidence and "the very fact that the risk was obvious." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (citation omitted). Third, the prisoner must establish "causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (citing *Goebert*, 510 F.3d at 1326).

As stated *supra*, Officer Cutts allegedly attacked the plaintiff in the prison infirmary while he was in a vulnerable physical state between February 1 and March 8, 2018. Defendant Cutts' attack allegedly caused the plaintiff serious physical and emotional injury, and thus, Cutts should respond to the plaintiff's plausible claim of deliberate indifference to serious medical needs.

Although the plaintiff also names Tompson and Hudden as defendants, he sets forth no allegations connecting either to the incident either personally or in a supervisory capacity. Accordingly, he has failed to state claim against defendants Tompson and Hudden for deliberate indifference to his serious medical needs.

## IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** the court **DISMISS WITHOUT PREJUDICE** all claims in this action pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted, except the claims against defendant Cutts for excessive force and deliberate indifference to the plaintiff's serious medical needs.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

**DONE** this 4th day of March, 2020.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE